Jackson, J.
We are all of opinion that the first plea in bar is good, and that the plaintiffs are not entitled to recover any thing in *248 this action. If the rent had been payable quarterly, the sum due for the first quarter might have been recovered, notwithstanding the subsequent eviction ; but as the tenants were evicted before the first day of payment, no rent can be recovered upon the indenture. (3)
This result is not influenced by the circumstance that Cushing, who evicted the defendants, was a mortgagee. It is enough that he entered under a title paramount to that of the lessors. If the lease had been made before the mortgage, Cushing would have been assignee of the reversion, and in that character entitled to all the rents payable by force of the indenture, excepting only such as might have been paid by the lessees before notice of the assignment. * He could not, in that case, have evicted the tenants, but would have held subject to their lease.
But when the lease is made, as in this case, after the mortgage,' it does not bind the mortgagee, nor in any manner affect his right. There is no privity between him and the lessee, and no right in him to demand the rent reserved by the lease. He may consider the lessee as a trespasser or a disseisor, and may maintain an ejectment or writ of entry against him. The lessee stands in the situation of the mortgagor; and as the mortgagee cannot recover the back rents against the mortgagor, when he is left in possession, it seems to be the better opinion that he could not recover, in the like case, against the lessee of the mortgagor. (4) (a)
It may often happen that the lessee will suffer a loss, by being evicted, that would overbalance the advantage of holding the premises for a part of the term. In such a case, equity would concur with the rule of law which prohibits an apportionment of the rent. But if the lessee has derived a substantial benefit from the use of the estate demised, although he does not hold it for the whole term, equity would require that he should pay a quantum meruit. If the lessors, in the present case, have any claim on that ground, their only remedy must be an action of assumpsit; as in the analogous case of a charter-party of affreightment. In that case, when the ship is prevented by the perils of the sea from carrying the goods to the destined port, and they are received by the owner at an intermediate place, the latter is not liable to an action of covenant on the charter-party; but it was thought, in a case of that kind, that he might be held, in an action of assumpsit, to pay a reasonable com *249 pensation for the services of the ship owner, as far as they were performed, and so far as he was benefited by them. (5)
Some doubts have arisen, whether the plaintiffs may not re cover in this action for the rent or use of the tools and machinery, which were not included in the mortgage to * Cushing. When a part of the land is evicted, and the residue is enjoyed by the lessee, it is a discharge only in proportion to the value of the land evicted. But in the case at bar, the tools and machinery cannot be considered as a distinct, substantial part of the estate demised. They are in the nature of mere appurtenances to the mill and the buildings, and to be used in them for the manufacture of woollen cloth. They would apparently have been of no use to the defendants, unless in connection with the buildings ; and the eviction of these latter seems, therefore, to amount to an eviction of the tools and machinery likewise. The plaintiffs may probably recover a reasonable compensation for the loan or use of the tools and machinery, in an action of assumpsit; but they cannot recover it in this action, (a)

Per Curiam.

Defendants’ plea in bar good.

 10 Co. 128. — Cro. Eliz. 47. — Salk. 65.

2 Atk. 107. — Doug. 21. (a) In Pope vs. Biggs, (9 B. & Cr. 245,) it was held, that a mortgagee, having given notice to tenants holding the mortgaged premises under leases granted by the mortgagor, after the mortgage, is entitled to receive from those tenants all rents unpaid al tt e time of the notice, as well as those accruing due afterwards.

 7 D. & E. 381.

 Woodfall on Landlord and Tenant, by Harrison, pp. 324, 634, 332.—Pope vs. Biggs, 9 B. & C. 245. — Diet vs. Pendleton, 8 Cow. 727. — Where lands and goods are let at an entire rent, and the tenant is evicted from the lands, no apportionment can be made for the goods, as the rent is held to issue from the land alone. — Woodf. p. 324. — Ernot vs. Cole, Dyer, 212, b, in marg. — Collins vs. Harding, Cro. Eliz. 606. — So if a lease be made of lands, with a right of common, and the lessee be evicted of his right of common, the rent is not suspended. — Comyn, Landlord and Ten., by Chilton, 525. — Sanderson vs. Harrison, Cro. Jos. 679. — But as between lessor and lessee, an eviction out of part of the lands by the lessor, or any person claiming through him, will operate as a suspension of the whole rent. — Com. L. & T. 524. — Clun’s case, 10 Rep. 128, b. — Dorrell vs. Andrews, Hob. 190.— Cibil vs Hill, 1 Leon 110. — And there shall never be an apportionment for part of the time.—10 Rep 128