Wilde J.
delivered the opinion of the Court. It has been argued for the plaintiffs, that the note, being given on the compromise of a doubtful and contested right, is binding ; but we think it manifest that there was no compromise, as Silas Reed junior denied his liability, and that question was agreed to be submitted to the opinion of counsel; and as it has not been thus decided, it must be now determined in this action. It is generally true, that a judgment in a writ of entry is conclusive evidence of the right to recover in an action of trespass for mesne profits but a judgment in favor of a mortgagee against the *477 mortgager is an exception to the general rule ; for the principle is well settled, that a mortgager is not liable for rents and profits. Wilder v. Houghton, 1 Pick. 87; Fitchburg Cot. Man. Co. v. Melven, 15 Mass. R. 268; Mead v. Lord Orrery, 3 Atk. 244; Keech v. Hall, 1 Doug. 20; Higgins v. York Buildings Co. 2 Atk. 107.[1]
The form of the action cannot affect the rights of the parties. But as the plaintiffs declared generally on their seisin, it was competent for them to show in this action, that they had an absolute indefeasible title to the land. This they have not attempted to show, and we must conclude, therefore, that their only title is under the mortgage. But they contend that Silas Reed junior was not in under the mortgager after his conveyance to his brother. ■ We think however that this position cannot be maintained. After this conveyance he held as tenant at will or at sufferance under his brother. He certainly was not in under the mortgagee.
We are therefore of opinion, that the plaintiffs could not maintain an action of trespass for mesne profits on the facts reported ; and consequently, that the note sued was given without consideration

Motion to take off the nonsuit overruled.

 See Cavis v. M'Clary, 5 N. Hamp. R. 530; Pope v. Biggs, 9 Barn. & Cressw. 245.