## SPENCER FIELD vs. BAXTER SWAN.

A mortgagor, after leasing the mortgaged estate to H., for a certain term, made an oral agreement with the mortgagee that he should have the possession and control of the estate, and that H. should pay the rent to him. The mortgagee afterwards brought a writ of entry against the mortgagor for foreclosure, recovered judgment, and took out a writ of execution, but never put it into the hands of an officer; H. being in actual possession under the mortgagor's lease : A. recovered judgment against the mortgagor, caused his equity of redemption to be sold on execution, became the purchaser there of, and leased the estate, by parol, to B., who entered thereon on the day of the expiration of the lease to H., and kept possession until the mortgagee brought a writ of entry against A., recovered judgment, and was put in possession by virtue of the exe cution which issued on said judgment. *Held,* that A., and not the mortgagee, was entitled to recover of B. the rent of the estate, from the time he took possession thereof until the mortgagee was put in possession under his execution.

THIS was an action of debt to recover rent of real estate, from the 1st of April 1843, to the 26th of March 1844. Trial in the court of common pleas, before *Merrick*, J. whose report thereof was as follows :

The real estate in 'question, before 1841, was owned by one Twitchell, and was mortgaged by him for its full value. In 1841 Twitchell leased said estate to one Houghton, by indenture, for a term expiring on the first of April 1843. In January 1842, the mortgagee called on Twitchell for payment of the mortgage, and Twitchell delivered to him said indenture of lease, and orally agreed that said mortgagee should take the rents reserved by the lease, and have the possession and control of the estate. This took place at the mortgagee's residence, several miles from said estate. In February 1842, Field, the plaintiff, sued Twitchell, attached his right of redeeming said estate, recovered judgment, and became the purchaser of said right, which was sold on his execution, on the 25th of May 1842. Before said purchase by the plaintiff, he called on the mortgagee, and ascertained the sum due on

the mortgage, and was informed by the mortgagee, and also by Twitchell, of the aforesaid transfer of said lease, and of said oral agreement between Twitchell and the mortgagee. In June 1842, the mortgagee brought a writ of 'entry against Twitchell, (declaring on his own seizin of the estate, and a disseizin by Twitchell,) for the purpose of foreclosing his mortgage, recovered judgment at the following August term of the court of common pleas, and took out a writ of *habere facias,* which he never put into the hands of an officer; Houghton, the lessee, then being in the actual occupation of the estate, under the aforesaid lease.

On the 1st of April 1843, Swan, the defendant, went into the occupation of said estate, by parol agreement with the plaintiff to pay the rent to him until the mortgagee should obtain actual possession. In May 1843, the mortgagee (having learned that the plaintiff denied his right to the rent, and claimed it of the defendant) brought a writ of entry against the plaintiff, alleging a disseizin by him; at the December term of the court of common pleas, in 1843, recovered judgment; and, on the 26th of March 1844, received seizin and possession of said estate, from the sheriff, by virtue of a writ of possession which issued on said judgment. Both the plaintiff and the mortgagee claimed the rent of the defendant, and he paid it to the mortgagee, and took from him an indemnity against the claim of the plaintiff.

The judge instructed the jury, that the mortgagee had not legal possession of the estate, before March 26th 1844, and was not entitled to the rent, and that the plaintiff was entitled to the rent to that day. The jury found a verdict for the plaintiff, and the defendant alleged exceptions to said instructions.

*Hartshorn,* for the defendant, cited *Keech* v. *Hall,* and *Moss* v. *Gallimore,* 1 Doug. 21, 279. *Pope* v. *Biggs,* 9 Barn. & Cres. 245. *Welch* v. *Adams,* 1 Met. 494. *Smith* v. *Shepard,* 15 Pick. 147.

*N. Wood,* for the plaintiff, cited *Wilder* v. *Houghton,* 1 Pick. 87. *Fitchburg Cotton Manuf. Corp.* v. *Melven,*

10 *

15 Mass. 268. *Mead* v. *Lord Orrery*, 3 Atk. 244. *Evans* v. *Elliot*, 9 Adolph. & Ellis, 342.

SHAW, C. J. The defendant is undoubtedly liable to the plaintiff for the rent in question, pursuant to his agreement, unless the mortgagee, under Twitchell's mortgage, had acquired a better right to the rent, so that the defendant's payment to him was rightful. The plaintiff was purchaser of the equity of redemption upon Twitchell's mortgage, and in possession on the 1st of April 1843, when he let the premises to the defendant. He therefore stood in the place of the mortgagor, with a right to take the rents and profits to his own use, until the mortgagee should think fit to enter, or do some equivalent act. Whether mere notice to tenants, by a mortgagee, to pay rent to him, or any other act short of an actual or constructive entry, will, under our laws, defeat the right of the mortgagor to take the rents and profits to his own use, may be a question. In *Wilder* v. *Houghton*, 1 Pick 87, it was held that such right was not defeated by the commencement of an action to foreclose, before judgment and entry under it. In *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 268, it was held that an entry by the mortgagee, and an eviction of the lessee, excused him from paying rent to the mortgagor. So where the mortgagee made an open and peaceable entry, and required the tenant to pay rent to him, it was held that the mortgagee had a right to recover the rent, although his entry might not be effectual for the purpose of foreclosing. *Welch* v. *Adams*, 1 Met. 494.

In the present case, however, we perceive no entry or any thing equivalent to an act of taking possession ; but, on the contrary, that which amounts to a waiver of any such claim on the part of the mortgagee. His receiving Houghton's lease of Twitchell amounted to nothing more than an authority from the lessor to receive the rent of Houghton, during his. term ; and that term had expired before the present plaintiff let the premises to the defendant. The mortgagee neither made an entry on the defendant, nor gave him notice to pay to him ; but, on the contrary, brought an action against the

present plaintiff, to foreclose — thereby averring himself disseized and out of possession — obtained judgment and execution, and entered under that execution, in March 1844. It is for the time extending from the expiration of Houghton's lease, in April 1843, to the entry of the mortgagee under his judgment, in 1844, that the mortgagee claimed to recover rent of the defendant.

In the case of *Wilder* v. *Houghton*, above cited, it was decided that the mortgagor was not liable to trespass for mesne profits after such a judgment; but, on the contrary, that he had a right to take the rents and profits to his own use, until the entry of the mortgagee under his conditional judgment. If this be so, *a fortiori* cannot the mortgagee have a suit against the mortgagor's tenant, to compel the payment of rent to himself during the same time.

*Exceptions overruled.*