Johnson, C. J. At July term 1845, on motion. This is a motion filed by the appellee to quash and set aside the recognizance entered into in the court below. He objects to the recognizance upon the ground: 1st, that it is not authorized by the statute ; 2d, that it cannot operate as a stay of execution: and 3d, that it does not conform to the statute. The 141st sec. of 116th ch. of Rev. Stat. Ark. provides that “ the party aggrieved by any final judgment or decision of any circuit court in any civil case may make his appeal to the supreme court.” By this section the right of appeal is secured to the party aggrieved in every civil case, where there is a final judgment against him. This is a civil case and the judgment of the circuit court is a final judgment upon the merits. The right of appeal would be of little avail to a party who might consider himself aggrieved by the judgment and decision of the circuit court if he were not permitted to stay the execution of the judgment. We have carefully compared the recognizance with the statute upon which it is founded and find that it is in strict conformity with it. Motion overruled. Oldham, J. (January term 1847.) The statute authorizing the purchasers of real estate or improvements under execution, to obtain possession by order of the circuit court, has been twice before this court for construction; first, in the case of Etter vs. Smith, 5 Ark. R. 90, and next in Ferguson vs. Blakeney, 1 Eng. 296. In this last case the court laid down the rule of pratice to be observed by which the remedy given by the statute might be enforced without infringing or violating the constitutional rights of the party in possession. It is there said that “the correct practice in such cases is to require the purcharser to state in his petition that it is either the defendant or his lessee who is in possession, and also to set forth such facts as are sufficient in law to divest either, as the case may be, of whatever right, title and interest he may have had in the premises and to vest the same in himself, and then to conclude with a prayer for a rule upon the party in possession to appear at a time and place therein designated to show cause, if any he can, why the order should not be made against him.” In this case the petition sets forth that ,.“on the first day of the November term 1843 of the circuit court of Pulaski county at sheriff’s sale under sundry executions in favor of Lewis Beach and of Gray & Bouton, and of the Real Estate Bank of the State of Arkansas, and of Daniel Ringo against James DeBaun and against James DeBaun and Thomas Thorn, the petitioner became the purchaser of all that part of lots No. 7 and 8 in block No. 1 in the city of Little Rock west of the Quapaw line, at the corner of Markham and East Main streets and the buildings thereon situate and being at the time of presenting said petition, as therein alleged, occupied by James D. Fitzgerald and others named in the petition, and who claimed to be in possession of said property as lessees of said De-Baun, or by virtue of some authority derived from or under him? and all of whom refuse to deliver possession of said property and of the portion thereof respectively occupied by them without legal process, and further stated that he exhibited to the court the two several deeds of James Lawson Jr.as sheriff of the county of Pulaski to petitioner for said property as the purchaser thereof, duly executed and acknowledged and then on file for record, and prayed for an order of possession,” &c. Upon presentation of the petition, the court ordered a rule to issue against the persons therein named, requiring them to appear and show cause on Monday next thereafter why the prayer of the petition should not be granted. The rule was returned executed upon all the persons therein named except two, all of whom failed to appear and show cause except Fitzgerald. He filed five several pleas to the petition, all of which except the third were demurred to by the petitioner and the demurrers were sustained by the court. These pleas we will proceed to examine in the order in which they were presented, and ascertain and determine whether the demurrer was properly sustained to them by the court below. We do not conceive that the defendant in the execution or other person in possession of the premises claimed to have been purchased, is required to plead specially; but the claimant should prove the facts which entitle him to the possession, without any formal plea denying them. Such seems to have been the course adopted in Etter vs. Smith, but the party in possession having elected to file written pleas in this case, he must be held to the strictness of special pleading. Pennington’s adr. vs. Gibson use &c., English 447. . The first plea alleges “that the said sales mentioned by the said Roswell as made to him by the said sheriff were made wdthout any authority of law whatever, which was well known to said Roswell at the time of said sale, he the said Roswell at the time having control by purchase and assent of the said plaintiffs of the judgments, upon which the void process was issued, under which the sales were made or pretended to be made.” This plea sets up no fact whatever to defeat the application but merely states in general terms that the sales were made “ without any authority of law whatever.” It is admitted by the plea that executions or process issued, but it is alleged that the process was void-without showing in what respect it was void. It does not show in what respect í'the authority of law” was not complied with. It traverses no allegation contained in the petition, it sets up no new matter in avoidance of it, and it is difficult to conceive how an issue formed upon the plea could be determined. The second plea denies that “DeBaun had any title, property or estate whatever in the said real estate,” &p. This plea is bad for several reasons. It is a rule of the common law, to which the exceptions are remarkably few, that a tenant or lessee cannot dispute the title of his landlord. If De-Baun or his lessee were in the possession of the property at the time of the sale, it is not for either of them to deny the title, as that question cannot properly present itself in this proceeding. The questions raised by the demurrer to the fourth plea are not before this court. An amended plea being filed in its place after demurrer sustained, operated as an abandonment of that plea and the questions raised upon it by the demurrer. The fifth plea avers “that at the time of the sale and for some time previous thereto, and at ■the time of filing said plea Augustus Whiting and Robert Slark were the owners of said real estate, and said Fitzgerald was in possession as their tenant and lessee.” This plea is a denial by inference and argument that he was the lessee of DeBaun and offered an immaterial issue, to-wit: whether Whiting and Slark were the owners of the land and whether Fitzgerald was the tenant of Whiting and Slark. Whiting and Slark may have been the owners of the land and DeBaun may have, possessed a lesser estate under them subject to execution and sale. The right to the order depended upon the fact whether Fitzgerald was the lessee of De-Baun and not whether he was the lessee of Whiting and Slark. The material fact inferentially denied by this plea is directly traversed by the third plea. The demurrer was properly sustained to this plea. It is insisted by the appellant that the petition filed by Beebe is essentially defective, and that consequently the demurrer should reach back to it, and if the pleas are bad they are a sufficient answer to a bad petition. We conceive that it is necessary for the petitioner in “setting forth such facts as are sufficient in law to divest the defendant” in the execution or his lessee as the case maybe “of whatever right, title and interest he may have had in the premises and to vest the same in himself,” to specify with sufficient certainty the land and premises or improvement claimed to have been purchased by him; that the same was sold by the sheriff or other officer authorized by law to sell the same under execution, and that he purchased said real estate or improvement at said sale and had paid the purchase money and received the sheriff or other officer’s deed therefor: that the defendant in the execution or his lessee, as the case may be, is in the possession thereof; that the petitioner had demanded the possession of the premises (or given notice to quit) and that the party in possession had absolutely refused to deliver possession of the same to the said purchaser or quit said possession. These averments are substantial and material and should be proven to the satisfaction of the court to authorize the order to put the petitioner in possession. The petition filed in this case, if tested by the requisites above laid down will be found insufficient and defective in several particulars. The only defect, however, which we will notice, is that it is not alleged that a demand of possession had been made or a notice to quit (which is equivalent to a demand) had been given to Fitzgerald and that he had refused to deliver or quit the possession before the filing of the petition. In Etter vs. Smith the court said *‘if on service of a notice to quit it should appear that the tenant was tenant at will, or that his lease had expired and that he refused to deliver possession, the purchaser would have a right to the order.” Thus it is clearly shown that the notice to quit and a refusal are necessary to be proven and consequently should be averred. The notice, which appears to have been given by order of the court in this case, does not supply this defect. That notice was intended for the benefit of those in possession, and to give them an opportunity to appear before the court and defend themselves in their possession. It cannot be considered as conferring upon the petitioner a right to the order of the court to put him in the possession of the land and premises claimed by him, when he did not possess the light at the time of filing his petition. This case is like all others where a special demand is a pre-requisite to the plaintiff’s right of action. In such cases the party is not entitled to the aid of a court to enforce his claim before making such demand, and no notice whatever which may be given by order of the court, to bring the defendant before it after the institution of the suit will aid or supply that omission. The amended fourth plea by Fitzgerald was most clearly a bad plea, as it did not tend to put in issue a single fact necessary to be proven by Beebe, nor does it set up any matter whatever which in law would bar the recovery of possession by him. The plea would have been bad upon demurrer, and its having been stricken out does not afford ground for reversal. Having disposed of the various preliminary questions, we will proceed to inquire what facts were put in issue by the third plea, and what proof was admissible under it. This plea simply denies that Fitzgerald was the lessee of DeBaun. This was the only fact in issue between the parties. The defendant having elected to plead, on being held to the strict rules of pleading in consequence of that election, must be considered as confessing the facts set forth in the petition and not denied by the plea. Any evidence, therefore, going to establish the fact that Fitzgerald was or was not the lessee of DeBaun was admissible under the issue so formed. The deed given in evidence by Beebe, by which the property was leased to Fitzgerald by DeBaun, was sufficient evidence to establish the affirmative of the issue in the absence of testimony showing a revocation, or other evidence showing that Fitzgerald had ceased to hold the premises as DeBaun’s lessee. Fitzgerald then for that purpose offered in evidence an original mortgage deed executed, acknowledged and recorded, from DeBaun to Waiting & Shark, which appears from the bill of exceptions to bear date anterior to the date of the lease from DeBaun to Fitzgerald, and in connexion therewith offered to prove by parol that in the month of August 1843, the lease between him and DeBaun was cancelled absolutely and that DeBaun acknowledged payment of all the rents then due, and that DeBaun then delivered possession of the premises in controversy to Whiting dr Slark under their mortgage deed, the same having been forfeited; that afterwards in the month of August 1843, Whiting & Slark rented and leased the house &c. to him, put him in possession as their tenant and lessee for one year at three hundred dollars in Arkansas bank paper, and that from that time until the time of offering said evidence he had occupied said house &c. as the tenant and lessee of Whiting & Slark. The mortgage deed and evidence so offered in connexion therewith, were excluded by the court and not permitted to he given in evidence. Fitzgerald thereupon excepted and placed his exceptions upon the record. The question as to who held the better title, Beebe under the sheriff’s deed, or Whiting & Slark under their mortgage, cannot be determined in this proceeding. If the mortgage was subsequent in point of time to the judgment or judgments upon which the executions issued and the property sold, its validity was not thereby affected, but the rights acquired by the mortgages were subordinate to prior incumbrances. If they were entitled to and acquired possession of the property under their mortgage and leased it to Fitzgerald and he thereafter held it as their lessee, he cannot be ousted in this proceeding, as he was, from the time of such leasing under them, neither the defendant in the execution nor his lessee. If the right of the execution purchaser is paramount to that of the mortgagee’s, he must adopt some other proceeding for the purpose of establishing that title and of obtaining possession of the lands and tenements in controversy. A creditor, who takes a mortgage to secure a debt, has three remedies; all or either of which he may pursue until his debt is satisfied. He may bring an action of debt on the bond, or get possession of the rents and profits of the land mortgaged by an action of ejectment, or he may foreclose the equity of redemption and sell the land to pay the debt. Jackson ex dem. vs. Hull, 10 J. R. 401. After a breach of the mortgage by non-payment of the money, the mortgagee acquires a legal interest in the land, may claim possession by action of ejectment and upon the trial prove the condition broken and thus show a complete title. Phyf. vs. Riley, 15 Wend. R. 248. He may take possession by consent of the mortgagor, or by other legal means, which will save the necessity of an action of ejectectment and the law will protect him in that possession. If the mortgagee enters under a mortgage made previously to a lease he is entitled to the subsequently accruing rents from the lessee, upon giving him notice of such entry, and requiring the subsequent rents to be paid to him. Stone. vs. Patterson, 19 Pick. R. 496. After the breach of the condition of the mortgage from DeBaun to' Whiting & Slark by non-payment, their title became a legal title sufficient to oust him or Fitzgerald, who held under him by lease of a later date than the mortgage. The surrender of possession by DeBaun and the surrender of the lease by Fitzgerald were equivalent to an actual ouster or eviction, and terminated Fitzgerald’s tenancy to DeBaun by a permanent title. Stone vs. Patterson, 19 Pick. 476. Fitchburg Manuf. Corp. vs. Melvin, 15 Mass. R. 268. Smith vs. Shepperd, 15 Pick. 147. The title acquired by Fitzgerald under the lease was subject to be determined by prior incumbrances, and consequently an entry by a mortgagee effectually determined-the relationship of landlord and tenant existing between him and DeBaun, and after notice he became liable for the subsequently accruing rents and profits to the mortgagee. In like manner, the estate acquired by the mort-* gagee would be liable to be defeated by an incumbrance existing upon the estate at the time of the creation of the mortgage; but he is not precluded from pursuing any or all his remedies under the mortgage subject to such prior incumbrances. If a judgment lien existed at the time of the execution of the mortgage, the morh gagee would take possession of the land subject to such judgment lien, and if execution should issue and the land be sold, neither the mortgagee in possession nor his lessee could be dispossessed upon the motion of, the purchaser in the summary manner allowed by the statute. We are of opinion that the evidence proposed to be given by Fitzgerald would have been sufficient to establish that he was not the tenant or lessee of DeBaun and should have been allowed to go to the jury. It is not necessary to determine whether the court properly allowed the two sheriff’s deeds referred to in Beebe’s petition to be filed and made part of the record at the time the same was done, as none of the facts which they have proven were in issue before the court. We are of opinion that the judgment be reversed and the cause be remanded to the circuit court for further proceedings, and that the parties have leave to amend their pleadings if they desire to do soj Reversed.-