## JOHN A. KNOWLES *vs.* JOHN M. MAYNARD.

A. mortgaged real estate to B., and subsequently leased it, by indenture, to C., for five years, reserving rent payable yearly, and then assigned his interest in the lease to K.: Between five and six months after the date of the lease, B. entered upon the premises for condition broken, to foreclose the mortgage, and C. attorned to him, and afterwards accounted with him for the first year's rent reserved in the lease: K. brought an action against C., on a *quantum meruit* count, to recover a portion of the first year's rent. *Held*, that the action could not be maintained.

THIS was an action of debt for rent of a stable, &c. The plaintiff declared on the lease hereinafter mentioned, and

added a count on a *quantum meruit* for use and occupation. The parties submitted the case to the court, upon the following agreed statement of facts:

"Isaac Appleton, by an indenture dated April 30th 1844, leased to the defendant, for five years from the 1st of May 1844, a certain stable and sheds in Lowell, at a yearly rent of $250, payable yearly; which sum is a fair rent of the demised premises. On the 10th of May 1844, said Appleton assigned said lease to the plaintiff, who immediately gave notice of said assignment to the defendant. The defendant continued to occupy said demised premises until the commencement of this action, (August 18th 1845,) and still occupies them. On the 19th of October 1844, John and Daniel Ordway, having a mortgage on said premises, which was made before the date of the lease aforesaid, to wit, on the 2d of November 1837, made peaceable entry upon said premises, under said mortgage, for condition broken, and to foreclose the same, and claimed of the defendant the rent accrued and accruing under the said lease. The defendant thereupon attorned to said Ordways, and agreed to pay the rent to them. Afterwards, to wit, on the 11th of April 1845, the defendant purchased said mortgage of said Ordways, and still holds the premises under said purchase. The said Ordways claimed the rent that had accrued under said lease, and at the time of said purchase of the mortgage by the defendant, the rent from the date of the lease was taken into account between said Ordways and the defendant; and the defendant made the purchase of the mortgage with the express understanding between him and said Ordways that the rent should be extinguished."

The agreement of the parties was, that if, upon the foregoing facts, the plaintiff was entitled to recover, the defendant should be defaulted, and judgment be rendered for the plaintiff for such sum as the court should order; otherwise, that the plaintiff should be nonsuited.

*Hopkinson,* for the plaintiff. As the lease was made after the mortgage, by the mortgagor, and the plaintiff was ro

30*

party to the agreement with the Ordways, he claims an apportionment of the rent.

It seems to be understood that rent is not apportionable. *Fitchburg Cotton Manufactory Corporation* v. *Melven*, 15 Mass. 268, and *Smith* v. *Shepard*, 15 Pick. 147. But those were actions of covenant broken. In an action of assumpsit or debt on a *quantum meruit* for use and occupation, it is submitted that the law is otherwise.

The defendant was not bound to pay to the mortgagees the rent due before they entered; and for that rent he is liable to the plaintiff. And, as was said by Jackson, J. in 15 Mass. *ubi sup.* equity requires that "he should pay a *quantum meruit.*" In *Cook* v. *Jennings*, 7 T. R. 384, Lord Kenyon did not deny that freight might be apportioned, according to equity, on a *quantum meruit*, though it could not be in an action of covenant on the charter-party of affreightment.

*Wentworth*, for the defendant. A mortgagee is not legally or equitably bound, in any way, to a lessee who takes a lease after the mortgage. *Keech* v. *Hall*, 1 Doug. 21. And such lessee is bound to pay rent to the mortgagee. *Moss* v. *Gallimore*, 1 Doug. 279. See also *Pope* v. *Biggs*, 9 Barn. & Cres. 245. 4 Kent Com. (5th ed.) 165. *Babcock* v. *Kennedy*, 1 Verm. 457. *Smith* v. *Shepard*, 15 Pick. 147. *Welch* v. *Adams*, 1 Met. 494. *Stone* v. *Patterson*, 19 Pick. 476. *Burden* v. *Thayer*, 3 Met. 76. *Massachusetts Hospital Life Ins. Co.* v. *Wilson*, 10 Met. 126. *Wood* v. *Partridge*, 11 Mass. 488. *Boardman* v. *Osborn*, 23 Pick. 299. 3 Kent Com. (5th ed.) 470. Smythe Land. & Ten. 81.

An action on a *quantum meruit* count will not lie to recover what is stipulated for by deed. *Codman* v. *Jenkins*, 14 Mass. 93.

WILDE, J. We think this case cannot be distinguished from that of *Welch* v. *Adams*, 1 Met. 494, and several other cases cited by the defendant's counsel. In the case of *Welch* v. *Adams*, it was decided that the tenant of a mortgagor was not liable for rent that accrued after the mortgagee had entered and required that the rent should be paid to himself, and

the tenant had agreed to pay him. The case of *Smith* v.
*Shepard*, 15 Pick. 147, was decided on the same principle,
which is, that the mortgagee, having a title paramount, has a
right to enter on such lessee and evict him; to prevent which,
the lessee has the right to pay the rent to the mortgagee. If
the lessee had refused to pay the rent, and he had thereupon
been ousted or evicted by the mortgagee, the mortgagor would
not have been entitled to the rent. It was so decided in
*Fitchburg Cotton Manuf. Corporation* v. *Melven*, 15 Mass.
268. It follows conclusively, that the lessee, in the present
case, had a right to attorn to the mortgagee, and to pay the
rent to him.

It was argued for the plaintiff, that he was entitled to the
rent accrued before the entry of the mortgagee; and this
would be true if the rent had accrued, and was payable be-
fore the entry; as was decided in the case of *Massachusetts
Hospital Life Ins. Co.* v. *Wilson*, 10 Met. 126. But in the
case at bar, the rent was payable annually, and no rent was
due at the time of the entry of the mortgagee; and there can
be no apportionment of the rent. Nor is the defendant liable
on an implied promise.

*Judgment for the defendant.*