## RUSSELL *v.* FABYAN.

A covenant to pay rent on a specified day creates no debt until the day of payment arrives.

Where on a lease an annual rent is reserved and the lessee is evicted before the day of payment by force of a title paramount to that of the lessor, payment on the day the rent falls due, to the person holding the paramount title is a good defence to an action for covenant broken, on the lease.

But if the paramount title be a defeasible one, and before any rent is paid to the person holding it, it is defeated by the lessor, an action may be sustained by the latter, for the rent falling due during the eviction.

In an action of covenant broken for rent, payment must be specially pleaded; or notice of the same be given in a brief statement, accompanying the general issue, under the provisions of the statute.

COVENANT broken, upon a lease for rent. The lease was executed January 28th, 1847, and was for the Mount Washington House and farm, situated in Carroll, in the county of Coös, for the term of five years, commencing March 20th, 1847, and ending March 20th, 1852. The rent was to be paid annually, on the first day of September in each year, and was to be $800 a year for the first two years, and $1000 a year for the remaining three years.

This action was brought to recover the rent, which, by the terms of the lease, fell due in September, 1848 and 1849.

The execution of the lease and the entry of the defendant under it, and payment of the rent in September, 1847, were admitted, and the defendant occupied the premises during the years 1848 and 1849, so as to be liable to some one for the rent.

On the 14th of June, 1848, the defendant was evicted from the possession under the plaintiff, by one Dyer, by the levy of an execution upon the premises in favor of Dyer against one Burnham, the grantor of the plaintiff; an attachment having been made by Dyer before the conveyance to Russell. The attachment was made in May, 1843, and the deed from Burnham to Russell was in August, 1844.

The execution in Dyer's suit was not recovered till May, 1848, and the levy was made within thirty days of the rendition of judgment.

Dyer's execution was returnable in November, 1848, and on the third day of that month, 1849, before the expiration of the year after the return day, Russell made a tender of the debt, costs, and so forth, according to the provisions of the statute, in full satisfaction of Dyer's claim.

*Lyford,* for the plaintiff.

*Bellows* and *J. Eastman,* for the defendant.

EASTMAN, J. At the last term of this court, in an action between these parties, for the recovery of the rent which by the terms of the lease fell due in September, 1850, the court held that the eviction by Dyer, on the 14th of June, 1848, was a good answer to an action for the rent during the continuance of Dyer's title; provided the defendant paid the rent to Dyer before the eviction termination. We held, also, that the eviction terminated by the tender of Russell, on the 3d of November, 1848, and that the rent due of September, 1850, was recoverable in that action.

This action is brought to recover the rent for the two preceding years, being that which fell due in September, 1848, $800, and September, 1849, $1000; so that notwithstanding the eviction continued for only one year and five months, yet both of the days of payment happened within that time. A question is thus presented, whether the rent can be apportioned so that Russell can recover for any part of the two years.

In *Fitchburg Man. Co.* v. *Melvin,* 15 Mass. Rep. 268, it was held that where on a lease an annual rent is reserved and the lessee is evicted before the day of payment by force of a title paramount to that of the lessor, no action lies

against the lessee on the covenant, for the rent accruing before the eviction.

According to the doctrine of that case, which is cited and approved in *Perry* v. *Aldrich*, 13 N. H. Rep. 350, this question must be decided against the plaintiff. The contract was an entire one, to pay the rent on the first day of September in each year, and in an action upon the covenant it would be a good plea that it was paid on those days. At common law, rent might be apportioned as to estate, but not as to time. A covenant to pay rent on a specified day creates no debt until the day of payment arrives. *Countess of Plymouth* v. *Throgmorton*, 1 Salk. 65; *Wood* v. *Partridge*, 11 Mass. Rep. 493; *Perry* v. *Aldrich*, 13 N. H. Rep. 343.

If, then, we should regard the action as brought merely to recover the rent from March, 1848, to June 14th, 1848, the time of the eviction, or from November 3d, 1849, the time when the eviction terminated, to March following, the suit would equally fail, upon proof of payment to the holder of the paramount title on the first of September, 1848 and 1849; for the days of payment were during the eviction, and there can be no apportionment.

But there is no plea of payment filed by the defendant; and as the pleadings stand he cannot show payment in defence of the action. The contest between the parties has been principally upon the question of the eviction. In an action of covenant broken for rent, payment can only be shown under the general issue, with a brief statement; or under a special plea of payment. 1 Chit. Pld. 423, 426; 2 Saund. on Pld. & Ev. 712; Gould's Pld. 329.

Counsel have, however, stated that the rent for 1849 was paid to Dyer by the defendant in September of that year, and they have exhibited papers tending to show that such was the fact. And we think the defendant should have leave to move the common pleas to amend his pleadings so as to show this payment if it was made. That court will

Russell *v.* Fabyan.

grant the motion or not, as they shall think proper, and upon such terms as they may deem just.

There is no suggestion that the rent for 1848 has been paid to any one, and there is no valid reason why the plaintiff may not have judgment for that amount. Upon the termination of the eviction, the plaintiff was restored to all his rights under the lease, and whatever was not paid during the eviction can be recovered by him. We so held in considering the other case.

The plaintiff may take his judgment for $800, the rent for 1848, and abandon his claim for 1849; or if he elects, the matter of the payment of the $1000 can be contested further, should the common pleas grant leave to plead payment.

Should it be shown that the rent for September, 1849, was duly paid to Dyer, Russell might, perhaps, sustain an action against Dyer for its recovery. But in regard to that question we give no opinion.