CHARLES NICHOLSON *vs.* SUSAN MUNIGLE.

A landlord who, in pursuance of a power reserved to him in a written lease, has terminated the tenancy between the rent days, cannot maintain an action for rent under the lease, or an action of assumpsit for use and occupation of the premises, after the last rent day prior to such termination of the tenancy.

The same rule is also applicable in case of a similar termination of a parol demise. *Note.*

CONTRACT. The 1st count was for use and occupation of a tenement hired of the plaintiff by the defendant. The 2d count was for rent of the same tenement, under a lease thereof from the plaintiff to the defendant, dated April 1, 1856, demising the tenement for seven years, for the annual rent of $559, payable quarterly, and containing the following provision : " It is also agreed that if the lessor shall sell the said house, or that the city shall cut off said premises, that the said Susan shall consent thereto." The lease contained no provision for apportionment of rent.

At the trial in the superior court, before *Allen*, C. J., it appeared that the defendant remained in possession of the premises until sometime in August or September 1860, and paid the rent in full up to January 1, 1860, and $136 towards the quarter's rent which became due April 1, 1860, but paid no other rent. On the 11th of June 1860 the plaintiff conveyed the premises to the city of Boston, and on the same day gave notice thereof to the defendant.

The judge instructed the jury that by the agreement contained in the lease, and the subsequent sale of the demised estate to the city of Boston, the lease was determined , that no

action on the lease could be brought and maintained for rent accruing, by the terms of the indenture, on the 1st of July 1860, for the preceding quarter ; but that the effect of the termination of the lease by the sale of the estate in the month of June was such that the plaintiff might maintain an action for use and occupation of the premises, so far as they were of value to the defendant, after the quarter ending April 1, 1860, to the time of the sale of the estate.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. F. L. Norris,* for the defendant.

*E. K. Phillips,* for the plaintiff.

HOAR, J.   That where a term expires before the day on which rent is payable, whether by the eviction of the tenant from the land, or because the lease determines before the legal time of payment, " no rent shall be paid, for there shall never be an apportionment in respect of part of the time," was resolved in *Clun's case,* 10 Co. 127.   The rule has been constantly and repeatedly recognized, and is the settled rule of law.   *Jenner* v. *Morgan,* 1 P. W. 392.   *Hay* v. *Palmer,* 2 P. W. 501.   *Wood* v. *Partridge,* 11 Mass. 488.   *Burden* v. *Thayer,* 3 Met. 76.   It is obvious therefore that, the lease in this case containing no provision for the apportionment of the rent reserved, and the plaintiff having terminated the tenancy by a sale of the estate, pursuant to a power reserved to him in the lease, no rent could be recovered upon the covenants in the lease for the time subsequent to the last day on which rent was payable, preceding the sale ; and so it was ruled at the trial.   The same doctrine applies in the case of an annuity.   *Wiggin* v. *Swett,* 6 Met. 194.

But the plaintiff was allowed to recover upon a count in the nature of assumpsit for use and occupation ; and whether this recovery is lawful is the principal question raised by the bill of exceptions.   The case principally relied on to sustain the verdict is *Fitchburg Cotton Manuf. Corporation* v. *Melven,* 15 Mass. 268.   That case was covenant upon a lease for three years, with rent payable annually ; and the lessee was evicted by the paramount title of a mortgagee during the first year of the tenancy.

It was held that the action could not be maintained, as the rent could not be apportioned. But Mr. Justice Jackson, in delivering the opinion of the court, remarked that " if the lessee has derived a substantial benefit from the use of the estate demised, although he does not hold it for the whole term, equity would require that he should pay a *quantum meruit.* If the lessors in the present case have any claim on that ground, their only remedy must be an action of assumpsit; as in the analogous case of a charter party of affreightment." These remarks were merely *dicta*, not involved in the point decided, and have therefore no weight as an authority. They are only entitled to the consideration due to the impressions of that eminent judge upon a question not argued or determined by the court. If they were well founded, the case may perhaps be distinguished from the case at bar. *Wheeler* v. *Shed*, 1 D. Chip. 208, was an action of assumpsit for use and occupation. There had been a lease for a year, and an ouster of the tenant during the term by the paramount title of a mortgagee. It was left to the jury by Chipman, C. J. to find the value to the tenant of the beneficial use of the premises demised during the part of the year for which he had been in possession. But the right to maintain the action does not appear to have been brought in question, and the verdict was for the defendant. In *Zule* v. *Zule*, 24 Wend. 76, the plaintiff declared in covenant upon a lease for five years, with rent payable semi-annually, and the reservation to the lessor of the right to sell the demised premises at any time. The premises were sold on a day intermediate to the days on which rent was payable, and it was held that the rent could not be apportioned. Cowen, J., in delivering the opinion of the supreme court of New York, cites numerous cases in which a similar doctrine has prevailed, and adds : " It is not necessary to deny that, under the modern notions of the rescission of contracts, and implied assumpsit for use and occupaticn, work, &c., actions might now be brought in the cases cited ; nor that they might when Coke, Hetley and Littleton were engaged in reporting. But an implied assumpsit is general, and supposes the special contract out of the way, under circumstances which

raise an equitable demand. If you declare specially, as you generally must in covenant or debt on a specialty, the claim is still indivisible as to time."

These cases are all which have been brought to our notice, which furnish any countenance to the views of the plaintiff.

On the other hand, as was said by Lord Kenyon in *Cutter* v. *Powell*, 6 T. R. 324, " that where the parties have come to an express contract, none can be implied, has prevailed so long as to be reduced to an axiom in the law." That case was assumpsit for wages as mate of a vessel on a voyage from Jamaica to Liverpool, where the plaintiff's intestate had shipped under an agreement that he should receive thirty guineas " provided he proceeds, continues and does his duty " during the voyage. He died a few days before the voyage was completed, and it was held that nothing was due to him. And it is a general rule that assumpsit will not lie for use and occupation where the possession has been held by virtue of a contract under seal. *Codman* v. *Jenkins*, 14 Mass. 93. *Brewer* v. *Dyer*, 7 Cush. 337.

A case very much in point is that of *Grimman* v. *Legge*, 8 B. & C. 324, which was assumpsit for use and occupation. The plaintiff had demised some apartments to the defendant, at a rent payable quarterly. During a current quarter, some dispute arising, the defendant told the plaintiff that she would quit immediately, to which he replied that she might go when she pleased. She accordingly vacated the apartments, and gave the keys to the plaintiff, who accepted them ; and it was held that the plaintiff could neither recover the rent which by virtue of the original contract would have become due at the expiration of the current quarter, nor rent *pro rata*, for the occupation of the premises for any period less than a quarter. So in *Hall* v. *Burgess*, 5 B. & C. 332, when a tenant from year to year, with rent payable half yearly, quitted the premises at the expiration of a year without notice ; and before the next half year expired the landlord let the premises to another tenant; in assumpsit for use and occupation it was held that the landlord, by letting to another tenant, showed that he did not choose to consider the defendant as his tenant any longer ; and, as no rent was due

at that time, he must be considered as having abandoned his claim for the time previous.

The action for use and occupation depends upon a contract, express or implied, between the parties. In the case at bar, the only possession by the defendant was under a lease; and according to the terms of the lease no rent has ever become due which remains unpaid. And it is hard to perceive how we can treat the termination of the lease as a mutual rescission of the express contract, by which an implied contract would be substituted. The lease terminated by its own provisions, upon the happening of an event which the parties had foreseen, and which they had stipulated should have that effect. *Munigle* v. *Boston*, 3 Allen, 230. The effect of the lease as an entire contract was not, as in *Fitchburg Manuf. Corporation* v. *Melven*, and *Wheeler* v. *Shed*, above cited, destroyed by the assertion of a title paramount to the plaintiff's. She made all the payments which by the lease she had agreed to make in consideration of her possession under it; and when the lease expired, she agreed to no substitution for any of its terms, and we think the law cannot imply any. *Exceptions sustained.**

---

* The same doctrine was applied in a case where a demise by parol was terminated by the landlord, by a sale of the premises between the rent days, in the following case which came up in Worcester county, in October 1863.

### JOSEPH D. FULLER *vs.* WILLIAM O. SWETT.

CONTRACT, to recover for the use and occupation of a dwelling-house, from the 1st of October to the 15th of November 1862.

It was agreed in the superior court that the defendant entered into possession of the premises on the 1st of July 1861, under a verbal agreement with the plaintiff, for the annual rent of $400, payable quarterly, on the first days of October, January, April and July; and that no time was fixed for the termination of the tenancy. The defendant remained in possession until the 15th of November, and paid the rent to October 1st. On the 15th of November the plaintiff, without the defendant's knowledge, sold the premises and executed a deed thereof to Warren Williams, who notified the defendant of his purchase, and thereupon leased the premises to him by a verbal agreement similar to the former one ; and the defendant continued to occupy the premises under Williams, but paid no rent for the time from October 1st to November 15th.

On these facts, judgment was rendered in the superior court for the defendant, and the plaintiff appealed to this court.

S. P. *Twiss*, for the plaintiff.

T. L. *Nelson*, for the defendant.

Hoar, J. This case is governed by the decision in *Nicholson* v. *Munigle*, unless a distinction can be made in favor of the plaintiff between a lease under seal and a demise by parol; and no such distinction can be supported on principle or authority. No rent is due by the terms of the contract, because the tenancy was determined by the lessor before the day of payment; and no implied promise to pay for use and occupation is created by law, when the tenancy is under an express agreement of the parties. And so the law is stated in Hargrave & Butler's note 374, to Co. Litt. lib. i.; *Layton* v. *Field*, 3 Salk. 222; S. C. *Leighton* v. *Theed*, 1 Ld. Raym. 707; *Title* v. *Grevett*, 2 Ld. Raym. 1008; Woodfall's Land & Ten. (1st Amer. ed.) 182. *Judgment for the defendant.*