BOSTON & WORCESTER RAILROAD CORPORATION *vs.* ALPHEUS
S. RIPLEY.

The erection of a fence by a landlord in front of premises used and occupied by a tenant, in
such a manner that the latter can only gain access to the premises by going over land of
a third person, will not amount, as matter of law, to an eviction, provided the tenant still
continues to use and occupy the premises; but such act of the landlord will affect the
amount which he is entitled to recover for such use and occupation.

CONTRACT brought to recover for the use and occupation of
a piece of land on Castle Street in Boston.

At the trial in the superior court, before *Putnam*, J., there was
evidence tending to prove an implied contract between the par-
ties for the use of the premises, though it was not contended that
any specific sum was agreed to be paid therefor by the defend-
ant. In 1861 the plaintiffs built a tight board fence along the
line of Castle Street, so that the defendant had no access to the
premises except by going over the land of a third person. The
defendant however continued to occupy the premises for certain
purposes. The judge gave instructions, which were not ex-
cepted to, in regard to the implied contract which was alleged
to have been made; and declined to instruct the jury that the
building of the fence, in the manner stated, would prevent the
plaintiff's recovery ; and instructed them that if the defendant
occupied the premises after the erection of the fence, and the
fence did not prevent his use and occupation, but only affected
his convenience of access, the plaintiffs might still recover, if the
defendant held the premises under a contract express or im-
plied, though it would affect the amount of damages which they
would be entitled to recover.

The jury found a verdict for the plaintiffs, and the defendant
alleged exceptions.

*J. W. Rollins*, for the defendant.

*G. S. Hale*, for the plaintiffs, was not called upon.

BIGELOW, C. J. The evidence did not warrant a finding that
the defendant was evicted from the premises. On the contrary,
it appeared that he continued to use and occupy them after the

doing of the acts of the plaintiffs, which were relied on to prove an eviction. For this use and occupation he was liable in assumpsit for such sum as his beneficial enjoyment of the estate was worth. On this point the instructions were right. *Fitch burg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 268, 270. *Mc• rison* v. *Chadwick*, 7 C. B. 266, 283. 3 Cruise Dig. (Green² ed.) tit. xxviii. *c.* 3, § 1, *note.*                 *Exceptions overruled.*