## MACE SMITH *versus* LEMUEL SHEPARD.

A mortgager in possession leased the premises, the lessee covenanting expressly to pay the rent in advance. The mortgagee afterwards entered for condition broken, and threatened to expel the lessee unless he would agree to pay the rent in future to him. The lessee agreed so to do, and accordingly paid the rent to the mortgagee. It was *held*, that the acts of the mortgagee constituted an actual eviction of the lessee by title paramount ; and, therefore, that an action of covenant could not be maintained by the mortgager for the rent, against the lessee.
Where a lessee covenants to pay rent in advance, it may be paid at any time during the day on which it is made payable ; and if the lessee is evicted on such day, under a title paramount, he is discharged from his obligation to pay such rent.

THIS was an action of covenant broken, for the non-pay ment of the rent of certain real estate. By an agreed state-ment of facts it appeared, that on October 3, 1825, the plaintiff, being seised of a leasehold estate for a term of 999 years, in the premises, mortgaged the same to William Howe, to secure the payment of the sum of $2000 with interest.

On August 22, 1830, the plaintiff, who was in possession of the premises, leased them, by an indenture of that date, to the defendant for the term of five years from October 1, 1830, at an annual rent of $300, payable quarterly and in advance, and the defendant entered into possession. In the lease the plaintiff covenanted to warrant and defend the prem-ises against the lawful claims of all persons. The defendant covenanted expressly to pay the rent.

The defendant paid the rent according to his covenant, in advance, until July 1, 1833, when, the sum secured by the mortgage not having been paid, and the time limited for its

Smith
*v.*
Shepard.

payment having expired, Howe entered upon the premises in presence of two witnesses, for breach of the conditions of the mortgage, and for the purpose of foreclosure, but without giving notice thereof to the plaintiff, and threatened to expel the defendant unless he would agree to pay the rent in future to him. The defendant thereupon promised Howe to pay the rent to him, and, on the same day, did pay to him in advance the quarter's rent demanded by the plaintiff in this action. Howe agreed to indemnify the defendant against the plaintiff's claim for the rent, and the defendant remained in possession as before. On the same day, the plaintiff's agent, having heard what had been done, notified to Howe and the two witnesses, that the plaintiff objected to his taking possession in that manner, and considered himself as still in possession, and that the defendant would be considered as holding under him. The agent also notified to Howe and the defendant, that he should look to the defendant for the rent.

If the Court should be of opinion, that the plaintiff was entitled to recover, the defendant was to be defaulted, and judgment to be rendered for the plaintiff; otherwise the plaintiff was to become nonsuit.

Oct. 30th.

*Metcalf*, for the plaintiff. It is clear, from the authorities, that there must be an actual ouster or eviction, to discharge the tenant from his obligation to pay rent. *Harrison's case*, Clayton, 34 ; 1 Wms. Saund. 204, note 2 ; *Pendleton* v. *Dyett*, 4 Cowen, 581. A right to oust, or a threat to oust, does not amount to an eviction. Bac. Abr. *Rent, L* ; *Hannam* v. *Woodford*, Skinner, 300. Howe had no claim on the defendant for rent previously to July 1, 1833, for there was no privity of contract between them. He might have treated him as a trespasser and ousted him ; but could not distrain for rent. *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. R. 270 ; *McKircher* v. *Hawley*, 16 Johns. R. 289 ; *Souders* v. *Vansickle*, 3 Halsted, 313. If the defendant had assigned this lease to a stranger or to Howe himself, he would still be liable for the rent, to the plaintiff, on his express covenant. *Thursby* v. *Plant*, 1 Wms. Saund. 241, note (5) ; *Boulton* v. *Canon*, 1 Freem. 337 ; *Brett* v. *Cumberland*, Cro. Jac. 522 ; *Mills* v. *Auriol*, 1 H. Bl. 433 ; *Auriol* v

*Mills*, 4 T. R. 94. The defendant cannot set up the title of Howe against the plaintiff, because he holds under the lease from the plaintiff, notwithstanding the parol agreement with Howe. *Doe* v. *Pegge*, 1 T. R. 758, note ; *Hayne* v. *Maltby*, 3 T. R. 441, 442. As the lease was made after the mortgage, the defendant and the mortgagee were strangers, and so the attornment by the defendant was of no avail. *Souders* v. *Vansickle*, 3 Halsted, 316 ; *Alchorne* v. *Gomme*, 2 Bingh. 54 ; Co. Lit. 309 *a*. In England, although the mortgagee is entitled to possession before the forfeiture of the mortgage, yet an attornment to him is void, under *St.* 11 *Geo.* 2, *c.* 19 ; but by a proviso, an attornment to a mortgagee, after the mortgage is forfeited, is excepted from the operation of the statute. This statute was reënacted in New York, and therefore the case of *Jones* v. *Clark*, 20 Johns. R. 51, is not an authority against the plaintiff, there being no such statute in this State.

*Richardson*, for the defendant, cited *Reed* v. *Davis*, 4 Pick. 216 ; *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass R. 268.

The opinion of the Court was afterward drawn up by

SHAW C. J. To an action of covenant for rent, eviction of the tenant by a paramount title is a good defence. Bac. Abr. *Rent, L ; Hunt* v. *Cope*, Cowp. 242. The facts agreed do show, that the defendant was ousted by title paramount. Howe, the mortgagee, claiming under a mortgage made by the plaintiff, long prior to the lease from the plaintiff to the defendant, made an open and peaceable entry upon the premises, in presence of two witnesses, after condition broken, for the purpose of foreclosure, as he lawfully might, and this, by force of the statute of this commonwealth, gave him a lawful possession, and operated as an ouster of the tenant. To render such entry lawful and effectual, notice to the mortgager is not necessary. *Reed* v. *Davis*, 4 Pick. 216. The mortgagee, having thus the lawful and the actual possession, and the right to expel the lessee, threatened to do so, unless he would enter into a new contract. This was equivalent to an actual and complete eviction. Such an entry and eviction, by a mortgagee, has been decided to be a good defence to a

13 *

Smith
*v.*
Shepard

Smith
*v.*
Shepard.

claim for rent, in an action of covenant. *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. R. 268.

As to the quarter's rent due by covenant in advance, the defendant had the whole day to make the payment in advance. But during the day, the mortgagee entered and ousted him, and this was a good excuse. The enjoyment of the land is the consideration for the payment of rent, and when the prospective enjoyment of the estate was taken away, the obligation to make the prospective payment ceased.

*Plaintiff nonsuit*