## KANE v. MINK.

1. **Lessor and Lessee**: EXECUTION SALE OF PREMISES DURING TERM: PURCHASER ENTITLED TO RENT. Where land held under a lease from the owner is sold under execution during the term of the lease, upon a judgment antedating the lease, the lessee becomes the tenant at will of the purchaser, and is liable to him for the rent from the time when his title begins.

2. ———: COVENANT FOR QUIET ENJOYMENT: RECOVERY FOR BREACH OF. Where plaintiff leased of defendant land, the undivided half of which was encumbered by a judgment, and during the term of the lease the said half was sold under such judgment, and deeded by the sheriff to the purchaser, who claimed the rent for such half from the date of his deed, *held* that the lessee was entitled to recover of the lessor, under the covenant for quiet enjoyment, so much of the rent as he was thus obliged to pay to the purchaser;—the rent for the whole land having in the first instance been secured by plaintiff's negotiable note to defendant, which the latter had transferred to an innocent holder.

*Appeal from Cedar District Court.*

MONDAY, JUNE 9.

PLAINTIFF alleges that he entered into a contract with defendant, whereby she rented a farm of eighty acres to him for the term of one year, and for which he agreed to pay as rent the sum of two hundred and forty dollars, for which amount

he gave his promissory note; that at the time the contract was made defendant was the owner of the premises, but the undivided one half thereof was incumbered with the lien of a judgment against a third party, and, soon after the term of his lease began, the portion of the premises subject to the lien of said judgment was sold on execution issued thereon, and that such sale was not subject to redemption, and a sheriff's deed was given to the purchaser, and that the purchaser claimed the rent, for the term, of the portion of the land so conveyed to him, and that defendant sold and transferred the note which he gave her for the rent to an innocent purchaser; and he prays judgment for one-half the amount of the rent. The judgment was for plaintiff, and defendant appeals.

*Sylvanus Yates*, for appellant.

*Piatt & Carr*, for appellee.

REED, J.—The case was submitted to the district court on an agreed statement of facts, by which it is shown that defendant leased the premises to plaintiff for the term of one year, commencing March first, 1882, for the sum of $240, and that plaintiff gave his note for this amount, payable September 1, 1883; that this note had been sold and transferred by defendant to an innocent purchaser for value when the suit was instituted, which was April 9, 1883, but had not at that time been paid by plaintiff. When the contract was entered into, defendant had title to the whole of the premises, but one Shaffer had a judgment against one J. H. Mink, which was a lien on an undivided one-half thereof. Execution was issued on this judgment before the term of the lease began, and, on the twentieth of March after the lease began, the portion affected by the lien of said judgment was sold on said execution, without redemption, and a sheriff's deed thereto was given to the purchaser, who immediately notified plaintiff of his purpose to claim of him the rent of said portion of the premises for the

term. Plaintiff continued in possession of the premises; but plaintiff had not, when the suit was instituted, paid any portion of the rent to said purchaser.

The lease is in writing. It does not contain any express covenants, but it is conceded by defendant that the covenant for quiet enjoyment of the premises by the lessee during the term is implied, and the question presented is, whether there has been such a breach of this implied covenant as entitles plaintiff to recover.

The sheriff's deed not only operated to transfer the portion of the premises sold on execution to the purchaser, but it has relation back to the time when the judgment became a lien on the premises, and, as against the purchaser, it avoids all intermediate liens and alienations. Rohrer on Judicial Sales, § 1020; *Smith v. Allen*, 1 Blackf., 22; *Riddle v. Bryan*, 5 Ohio, 27 (5 Ham, 48;) *Kirk v. Vonberg*, 34 Ills., 440. Whatever rights or interests, then, were acquired by plaintiff under the lease in that portion of the premises, were divested by the sale and deed. If he continued in possession after the sale, he did so, not as tenant of the lessor under the lease, but as a tenant at will of the purchaser; and we think he was liable to account to the purchaser for the value of the use of the premises after the sale. *Dobbins v Lusch*, 53 Iowa, 304; *Kline v. Chase*, 17 Cal., 596.

The covenant for quiet enjoyment is for the protection of the lessee from the claims of third persons having title paramount to the lessor. It is defined to be "an assurance against the consequences of a defective title and of any disturbance thereupon." 1 Bouvier's Law Dictionary, 440.

Appellant's position is, however, that plaintiff has not been disturbed under the paramount title, and, consequently, the covenant has not been broken. It is true, there has been no actual ouster. Plaintiff continued in the actual occupancy of the premises. But we do not think an actual eviction is essential to plaintiff's right to recover.

To constitute a breach of the covenant, it is necessary only

that a title should accrue which is superior to that of the lessor, and that plaintiff's possession should be disturbed under such title. The superiority of the title of the execution purchaser is conceded; and we think the facts admitted show a disturbance of plaintiff's possession thereunder. As we have seen, the sheriff's deed operated to destroy all rights and relations between plaintiff and defendant under the lease, as to the portion of the premises in question. The purchaser had the right at once to enter and take possession of the premises. If plaintiff had yielded the possession peaceably to him, this would have been sufficient disturbance of his possession to enable him to maintain an action on the covenant. *Funk v. Cresswell*, 5 Iowa, 62. And the covenantee may buy in the superior title, when it is asserted against him, and this is such a disturbance of his possession as enables him to sue on the warranty. *Brandt v. Foster*, 5 Iowa, 287. The law does not require that he should go through the idle form of yielding to the superior title, and then re-entering after he has bought it in.

The purchaser asserted his title and right of possession when he gave notice that he claimed the rent. Plaintiff recognized and admitted the claim, and remained in possession under such circumstances as that the law will treat him as the tenant of the purchaser. The rights and relations of the parties are not different from what they would have been if plaintiff had remained in possession under an express contract with the purchaser. The judgment of the district court is

AFFIRMED.