J. FRANK COLLOM *vs.* LUTHER BIXBY, impleaded, etc.

January 3, 1885.

Contract to Assign Note—Performance by Indorsement—Liability.—
    Where, pursuant to a previous contract in writing to *assign* a promissory note, no mode of assigning being indicated, the holder does so by general indorsement, he thereby assumes the usual liabilities of an indorser.

Pleading—Contract.—Rule that, as a matter of pleading, an allegation that a contract or agreement was made, is to be taken as an allegation that it was made in such manner (in writing, if necessary) as to be valid and effectual, applied.

Plaintiff brought this action in the district court for Hennepin county, upon a promissory note, against defendant Bixby as indorser, and the other defendants as makers, alleging a transfer of the note ·before maturity by indorsement by Bixby to one Thompson, a sale by

Thompson to plaintiff before maturity, and due demand, protest and notice.

The defendant Bixby, answering separately, admitted the making and delivery of the note to himself, and alleged that it was secured by mortgage on real estate; that he and Thompson "entered into a contract in writing, whereby said Bixby agreed to assign to said Thompson said mortgage and note, and said Thompson, in consideration thereof, agreed to convey to said Bixby" certain real estate; that said Thompson duly conveyed the real estate "and said Bixby then and there, without any consideration therefor, and by mistake, indorsed said note in blank, and that it was then and there and at the time of making said agreement well understood and agreed by and between said Bixby and said Thompson that said Bixby should not in any way be responsible for the payment or collection of said note, and that said Bixby never agreed to be responsible in any way for the same." The answer also alleges that all the above facts were known to plaintiff when he purchased the note from Thómpson, and that the sale to plaintiff was collusive, without any consideration, and for the purpose of defrauding defendant Bixby. The answer contains also a general denial. The reply, after admitting that the note is secured by mortgage, puts in issue all the other averments of the answer.

The court, *Lochren*, J., presiding, on plaintiff's motion, ordered judgment on the pleadings against the defendant Bixby, who appeals from the judgment entered.

*Thomas Canty*, for appellant.

*Ovitt & Paige*, for respondent.

GILFILLAN, C. J. As the transaction under which the note in question was indorsed is first alleged in the answer, it was a contract in writing whereby said Bixby agreed to assign to said Thompson said mortgage and note, and said Thompson, in consideration thereof, agreed to convey to said Bixby certain real estate. So far as this agreement is thus alleged, no mode of assigning the note and mortgage, and no particular form or character of conveyance for the real estate, is indicated. If, upon that simple agreement, the parties afterwards came together, and, in performance of their previous agreement, the one assigned the note by indorsement, and the other con-

veyed the real estate by deed, with or without covenants, the acts done by one being accepted by the other as a performance, the previous contract had performed its office and become *functus officio*, and the rights of the parties must rest upon the acts done and contracts made as a performance of their original contract. Neither of them could be heard to say that he might have insisted on performing by the execution of a contract less onerous upon him; and, if the subsequent contracts are unambiguous, the former contract cannot be referred to to explain or vary their meaning. That contract and the subsequent ones do not stand upon the same footing as contemporaneous agreements relating to the same subject.

The court below seems to have decided the case upon this view of the previous contract, under or pursuant to which the indorsement was made. There are other subsequent allegations in the answer, in relation to the same thing, to which its attention probably was not called, to the effect that at the time of the indorsement, and at the time of making said agreement, it was well understood and *agreed* by and between said Bixby and said Thompson that said Bixby should not in any way be responsible for the payment or collection of said note, and that said Bixby never agreed to be responsible in any way for t e s me. If this agreement was oral, it could not affect the liability of Bixby, created by the contract of indorsement. But if in writing it might have such effect.

Under the rule that in general an allegation that a contract was made must be taken as an allegation that it was made in such manner as to be valid and effectual,—*Walsh* v. *Kattenburgh*, 8 Minn. 99, (127;) *Nininger* v. *County of Carver*, 10 Minn. 106, (133,)—we must construe the answer as alleging a written agreement that Bixby should not be held liable on his indorsement. The motion for judgment in favor of plaintiff on the pleadings ought not to have prevailed.

This renders it unnecessary to particularly consider the point that the denial of demand and notice of non-payment made a good issue, though we see nothing in the pleadings to suggest that demand and notice were not necessary.

Judgment reversed.