Walton v. Fudge.

## W. E. WALTON, Respondent, v. C. J. FUDGE, Appellant.

### Kansas City Court of Appeals, June 3, 1895.

**Mortgages:** AMENDMENT OF 1893: FORECLOSURE: EMBLEMENTS. *Held:*

(1) Prior to the amendment of 1893 to section 7091, Revised Statutes, 1889, the purchaser under a foreclosure sale had a valid title to the growing crops.

(2) The word "mortgages" in the aforesaid act includes deeds of trust, which operate as mortgages.

(3) The amendment has only a prospective, and not a retrospective, operation. *Suggested:* If retrospective in intent, it is unconstitutional.

(4) The amendment has no application to the remedy in foreclosing the mortgage; it relates to the rights.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Francisco Bros.* for appellant.

(1) A mortgage is a conveyance of land as security—or is an estate in land defeasible by the performance of a condition subsequent. Jones on Mortgages, secs. 1662, 1769; Washburn on Real Property, chap. 16, sec. 1; 15 Am. and Eng. Encyclopedia of Law, p. 727, and notes. (2) Statutes relating in terms to mortgages embrace deeds of trust. Jones on Mortgages, 1769. Consequently, section 7091 of Revised Statutes of Missouri, 1889, as amended by act of legislature approved March 30, 1893, entitled Mortgages and Deeds of Trust, applies to deeds of trust as well as mortgages.

Walton v. Fudge.

(3) The provisions of section 7091, Revised Statutes, 1889, as amended by Acts, 1893, page 210, exempts the tenant's interest in growing crops on mortgaged premises from sale of premises under mortgage. Session Acts, 1889, 210.

*Graves & Clark* for respondent.

(1) Prior to the amendment of section 7091, Revised Statutes, 1889, by Acts of 1893, page 210, the right of plaintiff to recover in this action is unquestioned. *Fischer v. Johnson*, 51 Mo. App. 157; *Voght v. Cunningham*, 50 Mo. App. 136; *Baker v. McInturff*, 49 Mo. App. 505; *Salmon v. Fewell*, 17 Mo. App. 118; *Hayden v. Burkemper*, 101 Mo. 644. (2) Section 7091, as amended by act of 1893 (Session Acts of 1893, page 210), does not apply to a deed of trust as involved in this case. This section, both before and after amendment, only refers to "mortgages" with power of sale in the mortgagee, and all sales made by such mortgagee or his personal representatives. In deeds of trust, such as the one in this case, no power of sale is vested in the mortgagee. R. S. of Mo. 1889, sec. 7091, Session Acts of 1893, page 210. (3) But, granting that the amended section does apply to deeds of trust, it can not avail defendant in this action. The deed of trust was executed more than a year before the act of 1893, and the default under which the sale was made occurred before this act of 1893 became the law. The act of 1893, upon its face, is not retrospective or intended to cover deeds of trust previously given. *Leete v. Bank*, 115 Mo. 184; *State ex rel. v. Auditor*, 41 Mo. 25; *State ex rel. v. Ferguson*, 62 Mo. 77; *Thompson v. Smith*, 8 Mo. 723; *State ex rel. v. Hays*, 52 Mo. 578; *Seamans v. Carter*, 15 Wis. 548; *Finney v. Ackerman*, 21 Wis. 271; *Ely v. Holton*,

15 N. Y. 595. (4) If it be contended that this amended statute is retrospective and was intended to apply to deeds of trust made before the passage of the act, then the statute is unconstitutional and void, so far as prior deeds of trust are concerned, as being a law impairing the obligations of a contract. Sec. 15, art. 2, Constitution of Missouri; *Greenwood v. Butler*, 34. Pac. Rep. (Kan.) 967; *Woodman v. Kriens*, U. S. Cir. Ct. at Wichita, Kan., Jan. 17, 1894; *Moore v. Barstow*, 52 Kan. 431; *Sheldon v. Pruesner*, 52 Kan. 593. (5) The laws which subsist at the time and place of the making of the contract, and where it is to be performed, enter into and form a part of it as if they were expressly referred to or incorporated in its terms. *Phinney v. Phinney*, 81 Me. 450; *Avcock v. Martin*, 37 Ga. 124; *Von Baumbach v. Bade*, 9 Wis. 559; *State v. Carew*, 13 Rich. 498; *Stephenson v. Osborne*, 41 Miss. 119. (6) The law in force at the time this deed of trust was executed and the deed of trust under such law, gave the mortgagee the right to appropriate two things toward the payment of the mortgage debt, the land and the emblements thereon at the date of foreclosure. The right to sell the land and crops thereon became a vested right. The amendment of section 7091, if retrospective, strikes at the right and not the remedy. *Phinney v. Phinney, supra; State v. Carew, supra; Robinson v. Magee*, 9 Cal. 81; *Bailey v. Railroad*, 4 Harr. (Del.) 389; *Winter v. Jones*, 10 Ga. 190. (7) A retrospective law is unconstitutional under our constitution. Such laws are forbidden *eo nomine*, by the constitution. States wherein it is held that such statutes are constitutional, do not have a constitution such as we have. If this amendment avails defendant at all, it is by reason of being retrospective, and, if it is a retrospective law, it is unconstitutional. Sec. 15, art. 2, Missouri Constitution; *Leete v. State Bank of St. Louis*, 115 Mo. 184-198.

ELLISON, J.—This is an action of replevin for a lot of corn, in which plaintiff recovered in the trial court.

Plaintiff is the purchaser of certain lands, under the foreclosure of a trust deed, dated in 1892, to secure a promissory note. Defendant grew the corn as the tenant of the owner, who gave the deed of trust—he having paid all the rent to the owner in advance. The deed of trust was executed and recorded before the defendant's tenancy began. The foreclosure and sale occurred in the month of August, while the corn was yet standing on the land. The plaintiff claims to be the owner of the corn by his purchase of the land, under the deed of trust sale, and the defendant claims that, by reason of the enactment, in Laws, 1893, page 210, whereby the statute is amended, the title to the corn was secured to him. The following is the statute as now amended:

"Sec. 7091. All mortgages of real or personal property, or both, with powers of sale in the mortgagee, and all sales made by such mortgagee, or his personal representatives, in pursuance of the provisions of such mortgage, shall be valid and binding by the laws of this state upon the mortgagors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold; *provided*, that nothing herein shall be construed to affect, in any way, the rights of a tenant to the growing and unharvested crops on lands foreclosed as aforesaid, to the extent of the interest of such tenant, under the terms of contract or lease between such tenant and the said mortgagor, or his personal representatives."

I. Prior to this amendment, there is no doubt that plaintiff's title to the corn, as purchaser of the land, would have been valid. *Fischer v. Johnson*, 51 Mo. App. 157; *Voght v. Cunningham*, 50 Mo. App. 136; *Salmon v. Fewell*, 17 Mo. App. 118.

II.   We are also of the opinion that by the use of the word *mortgages*, the act aforesaid includes deeds of trust, which operate in the way of mortgages, as a security.   Jones on Mort., secs. 62 and 1769.

III.   Plaintiff claims that the amended statute aforesaid, being enacted after the execution of the trust deed under which he purchased, can have no application to such trust deed, and that it can only affect deeds of trust and mortgages executed after its enactment. And so the circuit court decided.   We are inclined to adopt this view.   Otherwise, we must give the statute a retrospective operation, which must not be done, unless it be *plainly* intended by the legislature, as shown by the terms of the enactment.   The fundamental rule of construction of statutes is, "that they are to operate *prospectively* and not otherwise, unless the intent that they are to operate in such an unusual way, to wit, retrospectively, is manifested on the face of the statute in a manner altogether free from ambiguity."   *Leete v. Bank*, 115 Mo. 184, and an array of authorities there cited.   In the statute under review, there is nothing to indicate an intention to affect past transactions, and we think the law should, in effect, be construed as though it expressed its application to mortgages thereafter to be executed.

We have purposely avoided any discussion of whether the statute construed as defendant seeks to have it construed, would be violative of the constitution, as impairing the obligation of contracts; but it may be stated in this connection that our state constitution of 1875, not only disables the legislature from passing a law which will impair the obligation of a contract, but *also* declares that no law "retrospective in its operation," shall be enacted.   Sec. 15, art. 2.

IV.   It is, however, a part of defendant's contention, that the statute aforesaid only applies to the

remedy, and that he does not need to ask that it be given a retrospective effect. We think this view, while quite plausibly argued, is not sound. The remedy is left untouched. The act leaves the manner, time and mode of enforcement of the contract here involved, exactly as it existed prior to the enactment. The deed of trust, under the law as it existed when the deed was executed, secured to the bank certain rights and securities, prominent among which was a lien on any crop thereon. This was by reason of the crop being *a part of the land*. So, if we allow this statute to affect mortgages in existence when the statute was enacted, we in effect subtract from the mortgagee's security, a *portion of the land* conveyed to him. It amounts to nothing, as an argument, to say that the crop was not in existence when the deed was executed. The same argument would exempt fruit on trees, berries on bushes, or grass in the meadows. For these and annual crops, in so far as being considered a part of the land which will pass by deed, are the same.

As a result of the foregoing views, the judgment must be affirmed. All concur.