JAMES G. MARKS and Another v. G. T. JONES.[1]

January 12, 1898.

Nos. 10,723—(171).

Crop—Removal by Tenant of Mortgagor after Foreclosure—Injunction—Dismissal of Action.

The plaintiffs were the purchasers at a mortgage foreclosure sale of a certain farm on July 21, 1895. The defendant went into possession of it in the spring of 1896 under a lease from the owner of the equity of redemption, and sowed the farm with wheat, oats, barley and other crops, which were not fully matured when the time of redemption expired. He thereafter continued in possession, and the plaintiffs brought an action against him to recover possession of the farm, which he defended, and proceeded with the work of harvesting the crops with the declared purpose of disposing of them for his own use. Thereupon the plaintiffs brought this action, alleging the defendant's insolvency, to enjoin him from removing from the premises any part of such crops. *Held*, that the trial court did not err in dismissing the action on the merits.

Appeal by plaintiffs from a judgment for the defendant on the pleadings entered in the district court for Stearns county, pursuant to the findings and order of Baxter, J. Affirmed.

*G. W. Stewart*, for appellants.

*M. D. Taylor*, for respondent.

START, C. J.

This was an action to enjoin the defendant from removing or disposing of any portion of the crops raised during the year 1896 on the premises described in the complaint. Judgment on the

[1] Reported in 73 N. W. 719.

pleadings for the defendant, dismissing the action, from which the plaintiffs appealed.

The here material facts, as shown by the pleadings and necessarily admitted by the motion for judgment therein, are: On May 14, 1890, Coleman Bridgman was the owner of the premises, and then executed a mortgage thereon to N. P. Clarke, who assigned it to the plaintiffs, who foreclosed it by advertisement and became the purchasers at the sale on July 21, 1895. Prior to this time, and in 1894, Bridgman conveyed the premises by warranty deed subject to the mortgage to S. M. Cook, who in February, 1896, leased them to the defendant, who entered into possession thereof, and seeded and planted them with wheat, oats, barley and other crops. On July 21, 1896, the day on which the year allowed for redemption from the foreclosure sale expired, the crops were not yet matured, and none of them had been severed from the soil.

The defendant thereafter continued in possession of the premises, and the plaintiffs brought an action of unlawful detainer against him in justice court to recover possession thereof. The defendant appeared in and resisted the action for possession, which is, for aught that appears from the pleadings in this case, still pending. The defendant is insolvent, and unable to respond in damages to the plaintiffs for the value of the crops, a part of which he had severed at the commencement of the action, and the rest of which he had declared his purpose of severing and disposing of. The pleadings further admit that an action by Cook against Clarke and the plaintiffs to cancel the mortgage in question as paid was, at the commencement of this action, and still is, pending in the circuit court of the United States.

Do these facts sustain the conclusion of the trial court to the effect that the plaintiffs were not entitled to the relief asked? We answer the question in the affirmative. Ethically, the plaintiffs asked a court of equity to assist them by its extraordinary writ of injunction to reap where they had not sown, and to appropriate the fruits of another's labor to their own use. Such being the case, the plaintiffs' right to the writ must be so clear as to make its refusal a palpable abuse of discretion on the part of the trial court.

The plaintiffs claim that their right to the writ is thus clear, when tested by the allegations of the pleadings, and invoke in support of the claim the rule that, if crops are matured when the period of redemption expires, then the mortgagor or his tenant owns them, but, if they are not then matured, the purchaser at the foreclosure sale owns them.

Where the purchaser at a foreclosure sale obtains possession of the premises after the expiration of the time for redemption, all crops then growing thereon become his property as a part thereof, and thereafter he may maintain replevin or trover therefor, if severed and carried away by another. But where the mortgagor or his tenant remains in possession after the period for redemption has expired, and harvests the crops, the authorities are not agreed as to whether the purchaser at the sale may maintain replevin or trover therefor. See Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479. We need not and do not decide this question, for conceding, without so deciding, that such purchaser, without obtaining possession of the land, has title to and may maintain replevin for the crops which were growing thereon at the expiration of the time of redemption, against the mortgagor or his tenant in possession, still this action to enjoin the defendant from removing or disposing of the crops cannot be maintained. The plaintiffs, upon this concession, have a complete, speedy and adequate remedy by an action at law, if, as claimed, they own the crops. Minnesota v. Maginnis, 32 Minn. 193, 20 N. W. 85.

We prefer, however, to affirm the judgment in this case upon the broad ground that the admitted facts do not show any superior equity entitling the plaintiffs to the injunction asked as against the defendant. To grant an injunction restraining the defendant from removing or disposing of any portion of the crops would, in view of the admitted facts, be inequitable, and oppressive to the defendant. It would practically deprive him of all the substantial benefits of his possession before the action to test his right of possession is determined, without any corresponding benefit to the plaintiffs; for, if the injunction issued, they could not enter and harvest the crops, and certainly the defendant would not do so for their benefit, when his control and disposition of the crops were taken away. In

such case the function of the injunction would be the same as that of the dog in the manger. The action was properly dismissed for want of equity.

Judgment affirmed.