ANDREW JOHNSON and Another v. FRANK SACKRISON.

November 17, 1899.

Nos. 11,838—(77).

### Counterclaim—Reply States a Good Defense.

The reply to the defendant's counterclaim for the stipulated rent in a lease between the parties hereto admitted the execution of a lease, and entry thereunder by the plaintiffs, and alleged that thereafter they were compelled to, and did, attorn to a third party, the then owner of the demised premises; that the defendant had no title or right to lease the premises, but they have paid to the defendant all rent accruing during the time they occupied the premises under him. *Held* that, as against an objection first made on the trial, the reply states a defense to the counterclaim.

### Finding Sustained by Evidence.

Evidence *held* sufficient to support the findings of the trial court to the effect that the allegations of the reply are true.

Action in the municipal court of Minneapolis to recover $160.75 for goods sold and money lent. The case was tried before Holt, J., who found in favor of plaintiffs for $136.73; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. E. Brame*, for appellant.

*Jones & Babcock*, for respondents.

START, C. J.

Action to recover for goods sold and money loaned. The defendant, as a counterclaim, alleged that on March 15, 1894, he was in the lawful possession of a store building and the land upon which it was

situated, and that on that day he leased them, with certain butcher's tools, from month to month, to the plaintiffs, for the agreed rent of $15 per month; that the plaintiffs entered into possession of the premises under the lease, and so occupied them until December 19, 1895; and that they have not paid the rent therefor, except for five months. The reply admitted that the plaintiffs entered into possession of the premises under a lease from the defendant, but alleged that he had no title thereto or right to lease them, and that on September 19, 1894, they were compelled to, and did, attorn to the Security Savings & Loan Association, the then owner of the premises, and thereafter occupied them as its tenants until December 19, 1895; and, further, that they paid the defendant in full for the rent for all of the time that they occupied the premises under him, and that they paid the loan association the rent for the time they occupied the premises under it; and, further, that they paid the defendant for the butcher's tools, and for the use thereof, prior to such purchase.

There was no controversy as to the plaintiffs' cause of action on the trial, and the only issue tried was as to the truth of the plaintiffs' reply. The trial court found the foregoing allegations of the reply to be true, and ordered judgment for the plaintiffs for the amount of their claim, and the defendant appealed from an order denying his motion for a new trial.

There are 19 assignments of error. The more important of them raise the question that the trial court's findings of fact are not sustained by the evidence. There was evidence tending to show that the loan association was the owner of the premises in question, and leased them to the defendant, who leased them to the plaintiffs; that in and by the lease to the defendant it was expressly stipulated that the lessor might re-enter and take possession of the premises in case of default in the payment of rent; that prior to September 15, 1894, such default occurred, and the lessor took possession on that day, and leased the premises to the plaintiffs, who thereafter paid rent to the lessor, the loan association, and thereafter acknowledged it as their landlord; that this was done with the knowledge and consent of the defendant. The defendant, however, denied this evidence in many substantial particulars; but he admitted that he

knew that the plaintiffs were paying rent to the loan association, and that he made no demand on the plaintiffs for the payment of the rent to himself. We are of the opinion that the findings are sustained by the evidence.

The defendant further claims that the court erred in receiving any evidence in support of the allegations of the reply, for the reason that they are mere conclusions of law, and do not state a defense. The objection was first made on the trial, and then obscurely. The allegations of the reply are to the effect that a third party was the owner of the premises, and that the plaintiffs were compelled to, and did, attorn to such owner. It may be conceded that, to be valid, an attornment must be made with the privity or consent of the original landlord, or the tenant must attorn to one having a superior title, under circumstances placing him in the same position as if he had gone out of possession, and had come in again under the new landlord. Neither such consent nor circumstances are alleged in the reply, but the objection was first raised on the trial; and it must be held, as against such objection, that the allegation that the plaintiffs did attorn to the holder of the superior title is the statement of an ultimate fact, implying that the attornment was made in such manner and under such circumstances as to be valid and effectual. See Collom v. Bixby, 33 Minn. 50, 21 N. W. 855. The objection was rightly overruled.

The defendant also assigns as error the admission of the lease from the loan association to him. His claim is that the lease was not identified, and that the premises therein described were not those described in his answer. The lease was shown to the defendant when he was on the witness stand, and he testified with reference to it as follows: "I held the premises in dispute under this lease. * * * That is the lease under which I held the premises in question, and it is my signature. These leases were made in duplicate, and this is one of them." His own testimony answers his contention. There was no question on the trial as to the identity of the premises.

The remaining assignments of error are less important and less doubtful than the last one considered.

Order affirmed.