HANS GEORGE HANSON ₹. WILLIAM SOMMERS and Another.[1]

September 18, 1908.

Nos. 15,763—(239).

**Adverse Possession.**

 Possession by a tenant may become adverse to his landlord when the tenant, without collusion, attorns to a third person claiming under adverse legal title, and pays him rent for years without objection by the landlord, who has for that time practically abandoned his claim of title especially when circumstances in addition to open and unmistakable possession naturally tend to give the landlord notice of the attornment

[1] Reported in 117 N. W. 842.

**Estoppel.**

 Parties out of possession of land may, by long acquiescence in the possession of others, by a practical abandonment of their interest in the premises, and by unreasonable delay in seeking equitable relief, be estopped from asserting their claims.

**Laches.**

 Plaintiff, claiming as equitable owner of part of the land, and legal owner of the rest, sought to have a deed through which defendant claimed declared an assignment of a lien, and for other relief. Defendant had for fourteen years been in such possession of the whole tract as is requisite to make out title by prescription. Some years before plaintiff's ancestor had practically abandoned his claim of title. An alleged lienholder, under claim of record legal title in fee, by virtue of mortgage foreclosures, was found to have been in adverse possession for six years before he deeded to defendant. It is *held*:

 1. That defendant acquired title by prescription.

 2. That plaintiff is barred by laches from seeking equitable relief.

Action in the district court for Steele county to have a certain certificate of redemption and mortgage held by one Rice decreed to be a mortgage and subsequent instruments executed by said Rice to be assignments of said lien; to have a deed from said Rice to defendant William Sommers decreed to be an assignment of the lien with the indebtedness secured thereby and to obtain an accounting and a decree that plaintiff is the owner in fee of certain real estate subject to aforesaid lien, if same is not paid. The case was tried before Buckham, J., who made findings and as conclusions of law found that defendants had acquired title to the premises in controversy by adverse possession; that even if this were not so, plaintiff, by his laches, had estopped himself from asserting title as against defendants and that defendants were entitled to have this action dismissed on the merits. From an order denying plaintiff's motion to vacate the findings and for a new trial, he appealed. Affirmed.

 *J. A. & A. W. Sawyer* and *Sawyer & Sperry,* for appellant.

 *F. A. Alexander, W. A. Sperry* and *John Moonan,* for respondents.

JAGGARD, J.

Plaintiff, claiming an equitable interest in one eighty acres of land and a legal title to another eighty, sought equitable relief against the defendant in possession, inter alia, to decree that the deed under which

the defendant claimed operated only as an assignment of a lien to secure indebtedness, and to have an accounting and other relief.

The evidence is undoubtedly sufficient to show that for about fourteen years defendant had such possession of the premises as is required to constitute title by prescription. The trial court found that his grantor had been in possession for a much longer time than is necessary to make out the statutory period in this state. Plaintiff insists that the evidence shows no adverse possession prior to defendant's entry upon the premises.

This controversy involves the consideration of the following essentially undisputed facts: Neils Hanson, plaintiff's stepfather, and through whom he claims, and who will hereafter be referred to as Neils, was in possession of the land, when, in 1872, a mortgage he had given to one Gibbs was foreclosed, and a certificate of foreclosure executed to Gibbs. In 1873 Rice, a lienholder, redeemed, and received a certificate of redemption. Afterwards, in 1873, Rice conveyed by warranty deed for a substantial consideration to Dickey, which deed was recorded. Dickey executed to Rice a purchase-money mortgage for $974.64. This was assigned to Bunn and the assignment recorded. It was foreclosed in 1880. Bunn received the sheriff's certificate. In a suit brought against his administrator, Lord, by Neils, in which a lis pendens had been filed, and never discharged, findings were made in 1881 that Dickey took the deed from Rice as security only for a loan to said Neils, and that the plaintiff therein was entitled to redeem the premises on payment of $999.71. It was provided that Neils might pay Bunn the amount due on his mortgage, and deduct it from the amount necessary to be paid on redemption. No time was designated within which the required payment must have been made. No judgment was entered until shortly before the commencement of this action in 1906. Neither Rice nor Bunn was party to the action. Rice was a witness, but it is not shown what evidence he gave. No redemption was ever made under the findings or judgment. Neils was in possession until 1883, when he leased to Miller for three years. He left for North Dakota and never returned. On March 26, 1883, Bunn deeded to Rice. Miller, in possession some nine years, paid rent to Rice, who claimed to be the owner of the land, and as such entitled

to the rent. In 1892 Rice conveyed to defendant, who has since been in peaceful possession as owner, has made improvements, and paid taxes.

The court concluded that defendant had acquired title by adverse possession, and that plaintiff had estopped himself from asserting title against defendant. This appeal was taken from an order of the court denying the plaintiff's motion to vacate the findings and to grant a new trial.

1. The trial court was justified in finding that defendant had acquired title by prescription. The only question as to such acquisition is whether there was some evidence which reasonably tended to sustain the findings of the trial court that defendant Rice had been in possession for some years prior to the entry upon the premises by the defendant. It held, it is true, that in 1883 Neils executed a lease to Miller for three years. There was, however, abundant evidence that afterwards a number of other leases were executed by Rice to Miller. It is often true that an attornment to another without the consent of the landlord does not affect the landlord's possession (Trimble v. Lake Superior & Puget Sound Co., 99 Minn. 11, 13, 108 N. W. 867), and that one acquiring possession of land in collusion with tenants of another is estopped from denying the other's possessory right (Williams v. Fox, 152 Mich. 215, 115 N. W. 710). Here, however, no collusion is charged or shown. Nor was there any secrecy in the attornment. Moreover, the instruments through which the Hansons' grantee, Rice, had legal title, were of record. The estoppel of the tenant to deny the title of the landlord, or any one to whom the landlord's title may pass, is based upon equitable considerations. When those considerations fail, the estoppel itself fails.

Possession by the tenant himself, it has been held, may become adverse, and the tenant's open and notorious possession may be sufficient to raise the presumption of the notice from the time at which his possession becomes adverse. 1 Cyc. 1060, 1061. Cf. note to Niles v. Cooper, 13 L. R. A. (N. S.) 49, 96, et seq. A fortiori, possession by a tenant may become adverse to his landlord when the tenant, without collusion, attorns to a third person claiming adversely under legal title, and pays him rent for years without objection by the landlord, who has for the same time practically abandoned his claim of

title, especially where circumstances in addition to open and unmistakable possession naturally tend to give the landlord notice of attornment.

It is clear that in this case the reason for the estoppel to deny the landlord's claim of adverse possession had ceased. No attempt had been made to redeem under the Bunn foreclosure, although many years more than a reasonable time had expired. Apparently the title had matured in Rice. Rice asserted ownership hostile to the Hansons, executed a number of leases to Miller, made improvements on the premises, and paid taxes. Miller turned over to Rice the landlord's share of the crops. He never accounted to either of the Hansons for such share, and was never asked so to do. The facts bear no resemblance to the renewal or extension of the lease by Neils to Hanson. On the contrary, notice of the distinct disavowal of any obligation by Miller or Rice was brought home to the Hansons (see Nash v. Northwest, 15 N. D. 566, 108 N. W. 792) by this arrangement, and by consistent possession adverse to them which seems to have lasted some six years, and by the further fact that Neils came to Minnesota to secure a deed from Rice, and failed in his attempt. The assertion of adverse possession under claim of ownership was clear, and the Hansons acquiesced in it. They are in no position now to object to the logical sequences of their own conduct. This is especially true when their claim is asserted against the defendants here. Bunn was an innocent purchaser. His title had apparently matured. Rice succeeded to that legal title, whatever it may have been in equity, and the defendant to Rice's title.

The trial court, moreover, properly found that neither Bunn nor defendants had actual knowledge of proceedings in the Dickey suit. No sufficient reason for disturbing its conclusion of fact in this regard appears. All the constructive notice there was, as pointed out in the memorandum of the learned trial judge, was that given by the lis pendens, and under the circumstances that was not sufficient. Inquiry would have shown that plaintiff in that action had been dead for years and that he had abandoned the land and removed from the state several years before his death. Inquiry from Miller would have disclosed that he paid rent to Rice, and knew no one else in connection with the land.

Finally, if it be assumed that Rice did not obtain title through the Bunn foreclosure because of defects therein, Rice and his grantee were at least mortgagees in possession for more than fifteen years. The trial court has aptly remarked: It is "immaterial whether during the period while Rice remained in possession before selling to defendants he was so in possession as owner under his redemption from the Gibbs foreclosure and his purchase after the Bunn foreclosure, or simply as mortgagee under surrender of possession by his mortgagor. In either event, plaintiff is barred." No doubt can arise that there was here a privity of estate between the successive wrongful holders requisite to enable allowance of the privilege of tacking. Frost v. Courtis, 172 Mass. 401, 52 N. E. 515; 13 Harvard L. Rev. 52.

2. Plaintiff was estopped from seeking equitable relief by virtue of the doctrine of laches, based upon grounds of public policy, which require, for the peace of society, the discouragement of stale demands. Mr. Justice Fuller in Mackall v. Casilear, 137 U. S. 556, 11 Sup. Ct. 178, 34 L. Ed. 776. And see Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214; Broderick's Will, 21 Wall. 503, 22 L. Ed. 599; Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 862, 36 L. Ed. 719; Landsdale v. Smith, 106 U. S. 391, 1 Sup. Ct. 350, 27 L. Ed. 219; Godden v. Kimmell, 99 U. S. 201, 25 L. Ed. 431; McKnight v. Taylor, 1 How. 161, 168, 11 L. Ed. 86; Jenkins v. Pye, 12 Pet. 241, 9 L. Ed. 1070; Wetzel v. Minnesota Railway Transfer Co., 65 Fed. 23, 12 C. C. A. 490, 169 U. S. 237, 18 Sup. Ct. 307, 42 L. Ed. 730; Lemoine v. Dunklin County, 51 Fed. 487, 2 C. C. A. 343; Naddo v. Bardon, 51 Fed. 493, 2 C. C. A. 335; Manning v. San Jacinto Tin Co. (C. C.) 9 Fed. 726; Dickman v. Dryden, 90 Minn. 244, 95 N. W. 1120; Holcomb v. Independent School District of Duluth, 67 Minn. 321, 69 N. W. 1067; St. Paul, M. & M. Ry. Co. v. Eckel, 82 Minn. 278, 84 N. W. 1008; Bauer v. Lumaghi, 209 Ill. 316, 70 N. E. 634; Wampol v. Kountz, 14 S. D. 334, 85 N. W. 595, 86 Am. St. 765; Nash v. Northwest, 15 N. D. 566, 108 N. W. 792.

Necessarily the application of that doctrine depends in great measure upon the peculiar circumstances attending each case and upon the nature of the claim, and whether the delay has been unreasonable. Buck, J., in Taylor v. Whitney, 56 Minn. 386, 390, 57 N. W. 937.

The question is one addressed to the sound discretion of the trial court. Where the facts are disputed, or different conclusions may reasonably be drawn from disputed facts, it. will not be disturbed unless that discretion appears to have been abused. Lloyd v. Simons, 97 Minn. 315, 105 N. W. 902. In this case no abuse of discretion appears. Plaintiff's case should not have appealed to the conscience of the trial judge. The Hansons had. acquiesced in possession under claim of adverse title for more than fifteen years. They had practically—and, we think, legally—abandoned their claim. No redemption had been made from mortgage foreclosures or under the decree which was made in 1880. It would have violated principle and precedent to have granted relief at this late day.

Affirmed.