# P. A. McCRAY v. SUPERANNUATED FUND OF THE EVANGELICAL ASSOCIATION.[1]

May 14, 1926.

No. 25,251.

**When holder of sheriff's certificate becomes owner of growing crops.**

1. The holder of a sheriff's certificate of sale when the year of redemption from a mortgage foreclosure expires, there being no redemption, becomes the owner of the growing crops upon the land.

**When tenant of mortgagor may attorn to holder of sheriff's certificate.**

2. A tenant of the mortgagor, who after a mortgage foreclosure sale takes a lease agreeing to give as rent a share of the crop, may when the mortgagor fails to redeem and he is threatened with eviction by the holder of the sheriff's certificate of sale attorn to the latter and retain possession as his tenant without first being actually ousted.

Landlord and Tenant, 35 C. J. p. 1240 n. 36; p. 1244 n. 35; p. 1248 n. 27.

Mortgages, 27 Cyc. p. 1490 n. 24.

Vendor and Purchaser, 39 Cyc. p. 1627 n. 71.

Action in the district court for Renville county for conversion of grain. The case was tried before Qvale, J., who found for the defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Freeman & Smith,* for appellant.

*George F. Gage,* for respondent.

HOLT, J.

Action for the conversion of certain grain; findings for defendant and appeal by plaintiff from the order denying a new trial.

The main facts are not in dispute. On April 27, 1923, plaintiff's farm in Renville county, Minnesota, was bid in by defendant at the foreclosure sale of a mortgage given by plaintiff to defendant. In August following plaintiff leased the farm to one Hoffert for two

[1]Reported in 208 N. W. 1001.

years, the latter to deliver one-third share of the grain to plaintiff as rent. The tenant fall-plowed and planted all the crops on or before April 27, 1924, on which day the time of redemption expired. No redemption was made. A day or two thereafter defendant's agent notified Hoffert that he must surrender possession or else agree to deliver the landlord's share of the crops when harvested to defendant. Hoffert agreed to do so and delivered the same to the elevators designated by such agent who received the storage tickets therefor. It does however appear that after the grain was harvested plaintiff's agent also visited Hoffert, who then promised to deliver the grain at the place designated in the lease as the one of delivery, but this promise was not kept.

Plaintiff invokes the rule that he who sows shall reap, and since Hoffert, his tenant, was suffered to remain in possession until the grain was harvested, defendant obtained no title to the grain, therefore its delivery by Hoffert to an elevator at defendant's behest was a conversion. Plaintiff's title to the farm terminated April 27, 1924, and therewith by operation of law the relation of landlord and tenant between him and Hoffert ceased. It is elementary that the tenant could attorn to the new owner of the leased premises in whom the lessor's title had vested. Actual ouster was not necessary. Johnson v. Sackrison, 78 Minn. 107, 80 N. W. 858. With the expiration of redemption plaintiff's title as landlord passed to defendant, the holder of the sheriff's certificate of sale in the foreclosure of the mortgage, the same as if defendant had on that date received a deed of the land from plaintiff. Defendant became an assignee in law of plaintiff. A deed from the owner of land passes all the grantor's right and title in and to the growing crops thereon. Plaintiff's title to the land having thus passed, he could not protect his tenant's possession. The latter was subject to immediate summary dispossession under the forceable entry and unlawful detainer statute. Rather than suffer eviction thereunder, Hoffert agreed with defendant to remain in possession, care for, cultivate and harvest the growing crops as defendant's tenant.

This is not a case where the rule should be strictly applied that a tenant cannot attorn without the consent of the landlord, which

rule generally governs where a tenant attorns not to one who has acquired the lessor's title, but to one whose claim to the land is derived through other sources. Trimble v. Lake Superior & P. S. Co. 99 Minn. 11, 108 N. W. 867, is explained in Hanson v. Sommers, 105 Minn. 434, 117 N. W. 842. That actual ouster by one holding a paramount title is not necessary in order to permit a tenant to attorn to him has often been decided. This language from Merryman v. Bourne, 9 Wall. 592, 19 L. ed. 683, is apt: "It may be shown that the landlord's title has ceased by expiration or transfer. If the tenant be evicted, he may take a new lease from the party evicting him. It has been held, that if threatened with suit upon a paramount title, the threat, under such circumstances, is equivalent to eviction. He may, thereupon, submit in good faith, and attorn to the party holding a valid title, to avoid litigation." Hoffert had the clear right to attorn here, for plaintiff does not assail defendant's title in any respect and concedes that, by failing to redeem, all his right and interest in the farm passed to defendant, at least no suggestion is made to the contrary.

Other cases, to the point that actual eviction is not necessary in order to permit a tenant to attorn to the holder of a paramount title where the lessor's title has terminated by conveyance or by operation of law has been transferred to such holder, are: Camp v. Scott, 47 Conn. 366; Kane v. Mink, 64 Iowa, 84, 19 N. W. 852; Montanye v. Wallahan, 84 Ill. 355; Martin v. Martin, 7 Md. 368, 61 Am. Dec. 364; Presstman v. Silljacks, 52 Md. 647; Smith v. Shepard, 32 Mass. 147, 25 Am. Dec. 432; Simers v. Saltus, 3 Denio, 214; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1055.

Plaintiff relies on Aultman & T. Co. v. O'Dowd, 73 Minn. 58, 75 N. W. 756, 72 Am. St. 603. The case is not in point, for there the tenant had been permitted to harvest and remove both his own and the landlord's share from the premises before the purchaser at the foreclosure sale asserted any right whatever either to the land or the crop. Not so here, the purchaser, as soon as title ripened in him, at once asserted the right of immediate possession and attornment by the one in actual possession followed.

In Marks v. Jones, 71 Minn. 136, 73 N. W. 719, the rule is recognized: "That, if crops are matured when the period of redemption expires, then the mortgagor or his tenant owns them, but, if they are not then matured, the purchaser at the foreclosure sale owns them." Courts generally so hold except where affected by statutes as in Ohio and Nebraska.

Heavilon v. Farmers Bank, 81 Ind. 249, cites from 1 Washburn, Real Prop. p. 106, what the court deems a generally recognized principle, "that the tenant who sows a crop shall reap it, if the term of his tenancy is uncertain, * * * yet if a mortgagee forecloses his mortgage, whatever crops are then growing upon the mortgaged premises, if planted after the mortgage is made, become the mortgagee's, whether planted by the mortgagor or his tenant, free from any claim upon them by such tenant." That case further holds that, if crops are planted by the mortgagor or tenant after the foreclosure sale and are not harvested before the expiration of the year of redemption, the purchaser at the sale owns them.

Fischer v. Johnson, 51 Mo. App. 157, rules that, as against a mortgagee after foreclosure sale, the mortgagor and his tenant stand on the same footing and says: "The rule, sometimes said to be upheld to encourage agriculture, that a tenant of uncertain tenure should reap what he sows, is not applicable in this state to a mortgagor or a tenant claiming under him, as against the mortgagee. He who sows should reap only provided he has not wilfully sown in face of the superior right of another." See also Walton v. Fudge, 63 Mo. App. 52; Reed v. Swan, 133 Mo. 100, 34 S. W. 483. In the case at bar, both the leasing and the sowing were done after the sale and with knowledge that the seed could scarcely germinate before the landlord's title would terminate by paramount title, unless redemption was made.

A very full citation of authorities, bearing upon the ownership of emblements, where the title to the land changes hand by operation of law and otherwise, is found appended to First Nat. Bank v. Cazort & McG. Co. L. R. A. 1917C, 7 [123 Ark. 605, 186 S. W. 86].

A finding is attacked as not supported by the evidence because of this clause therein: "That upon the vesting of title in defendant

plaintiff abandoned possession of said land to it, and that long before the maturing and harvesting of said crops plaintiff was dispossessed of said land." The objection is specifically directed to the word "abandoned." There is no evidence of any direct act or declaration of plaintiff indicating an intention to abandon possession, nor is there any evidence that he asserted to defendant any right to remain in possession; he merely sought to prevail on Hoffert to deliver a one-third of the grain to him, and no special effort in that direction seems to have been made until the crop was harvested. But we think that part of the finding is not essential to the conclusion of law. The undisputed facts call for a judgment in favor of defendant.

The order is affirmed.